IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**THE FLORIDA BAR,**

    Plaintiff,

vs.                                      Case No. 4:06cv360-SPM/WCS

**MONTGOMERY BLAIR SIBLEY,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant's notice of removal of this action from state court. Doc. 1. The case Defendant Sibley is attempting to remove to this Court is a disciplinary action filed against him in the Supreme Court of Florida by the Florida Bar. Doc. 1, attachment. The complaint contains several counts alleging that Defendant violated Rules governing the Florida Bar, and Plaintiff seeks disciplinary measures against Defendant. *Id.*

Pursuant to 28 U.S.C. § 1446, a Defendant who desires to remove an action from state court must file a notice of removal containing "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders

served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). This Court is required to promptly examine the notice of removal. 28 U.S.C. § 1446(c). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

Defendant Sibley, an attorney licensed in the State of Florida, timely filed the notice of removal as required by 28 U.S.C. § 1446(b). He presents several grounds for removal of this action. Doc. 1. The first argument is that this Court has "original jurisdiction" over this action pursuant to the Court's diversity jurisdiction. Doc. 1. Defendant contends there is complete diversity of citizenship as he is a resident of the State of Maryland. *Id.*

Pursuant to the removal statutes, a case may properly be removed from state court if the case could have originally been brought in federal court.[1] 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). Defendant has not demonstrated that this action is removable to this Court pursuant to the diversity jurisdiction provision because there is no indication that the matter in controversy in the disciplinary proceeding exceeds the sum or value of $75,000. The matter in

---

[1] "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Case No. 4:06cv360-SPM/WCS

controversy in a state bar disciplinary proceeding is whether the attorney should be disciplined.  There is no monetary claim in such a proceeding.  The claim of diversity jurisdiction is frivolous.

Defendant next asserts jurisdiction exists because this action "involves substantial questions arising under the Constitution, laws, or treaties of the United States . . . ."  Doc. 1, p. 2.  Defendant improperly cites to 28 U.S.C. § 1332 in support of that statement, which governs diversity jurisdiction.  Rather, § 1331 provides for "federal question" jurisdiction where the actions arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Nevertheless, it is apparent that Plaintiff asserts this basis for jurisdiction because he intends to raise federal rights as affirmative defenses.  Doc. 1, p. 4-6.  Plaintiff contends this action "raises a substantial question[] arising under the Constitution, laws, or treaties of the United States . . . ."  Doc. 1, p. 6.

Anticipated defenses are not a basis for § 1331 jurisdiction:

> To determine whether the claim arises under federal law, [courts] examine the "well pleaded" allegations of the complaint and ignore potential defenses:  "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.  It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States."

Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), *quoting* Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *see also* Murphy v. Aventis Pasteur, Inc., 270 F.Supp.2d 1368, 1373 (N.D. Ga.2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate.").  In other words, the general rule is that "absent diversity

jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank, 539 U.S. at 6, 123 S.Ct. at 2062.[2] Accordingly, it must be recognized that plaintiff in state court is "the master of the claim" and "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Behlen v. Merrill Lynch, 311 F.3d 1087, 1090 (11th Cir. 2002), *quoting* Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

In this case, it is clear that the complaint of The Florida Bar in the Florida Supreme Court, case number SC06-1387, is a matter entirely premised on state law. Anticipated federal law defenses are not a basis for federal question jurisdiction. Defendant's arguments as to § 1331 jurisdiction are directly contrary to well established law and are frivolous.

Another asserted basis of jurisdiction is 28 U.S.C. § 1343, to which Defendant asserts jurisdiction will exist because Defendant intends to raise affirmative defenses or counter-claims to recover damages. However, as noted above, this argument is frivolous because federal defenses do not provide a basis for jurisdiction. Moreover, the argument is unavailing because Plaintiff in this case is The Florida Bar, the "official arm" of the Florida Supreme Court. Accordingly, this organization is a state agency for

---

[2] There are two limited exceptions to that rule, neither of which are applicable in this case, nor has either been raised by the Defendant. *See* Beneficial Nat'l Bank, 539 U.S. at 8, 123 S.Ct. at 2063. It is Defendant's obligation as the removing party to demonstrate removal is proper. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Eleventh Amendment purposes.  Defendant may not seek monetary damages against the State.  Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993), *citing* Schopler v. Bliss, 903 F.2d 1373, 1378 (11th Cir. 1990).  The Eleventh Amendment protects The Florida Bar from this suit in federal court.

Because Defendant Sibley fails to demonstrate that the Court has subject matter jurisdiction over this case, the Court is required to summarily remand this action pursuant to.

Accordingly, it is **RECOMMENDED** that this case be **SUMMARILY REMANDED** to the Florida Supreme Court pursuant to 28 U.S.C. § 1447(c), and the Clerk of Court be **DIRECTED** to mail a certified copy of the order of remand to the clerk of the State court pursuant to 28 U.S.C. § 1447(c).

**IN CHAMBERS** at Tallahassee, Florida, on August 3, 2006.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**