IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE FLORIDA BAR,

       Complainant,

vs.                                  Case No.: 4:06cv360-SPM/WCS

MONTGOMERY BLAIR SIBLEY,

       Respondent.

_____/

## ORDER REMANDING CASE FOR LACK OF JURISDICTION

THIS CAUSE comes before the Court for consideration of the magistrate judge's report and recommendation dated August 3, 2006 (doc. 4).  In the report and recommendation, the magistrate judge recommends that this case be summarily remanded to the Florida Supreme Court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Respondent has been furnished a copy and has filed objections.  In his objections, Respondent argues that this case has been properly removed on the basis of diversity of citizenship, with the value of the rights at issue exceeding $75,000.00.  Respondent also argues that removal is appropriate under the supplemental jurisdiction statute to allow for the consolidation of this case with related litigation pending in this court, case number 4:06cv314-RH-WCS.

Pursuant to Title 28, United States Code, Section 636(b)(1), I have made

a *de novo* determination of those portions to which Respondent has objected. Despite Respondent's objections, I have determined that this case should be summarily remanded to the Florida Supreme Court for lack of subject matter jurisdiction, albeit for reasons in addition to those discussed in the report and recommendation.

Under 28 U.S.C. § 1441(a), removal to federal court may be appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."  The action that Respondent is attempting to remove is a disciplinary complaint filed against him by The Florida Bar.  The proceeding is administrative in nature.[1]  R. Regulating Fla. Bar 3-7.6(f)(1) ("A disciplinary hearing is neither civil nor criminal but is a quasi-judicial administrative proceeding").

The federal removal statute, which by its terms is limited to removal of "any civil action brought in a State court[,]" 28 U.S.C. § 1441(a) (emphasis added), does not encompass attorney disciplinary proceedings.  Attorney disciplinary proceedings are quasi-criminal in nature.  See In re Ruffalo, 390 U.S. 544, 550 (1968).  Accordingly, at least one court has found that an attorney disciplinary proceeding is not a "civil action" within the meaning of § 1441(a).

---

[1]  The Florida Constitution, Article V, section 15, vests the Florida Supreme Court with "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted."  According to the Rules Regulating the Florida Bar, "[a] license to practice law confers no vested right to the holder thereof but is a conditional privilege that is revocable for cause."  R. Regulating Fla. Bar 3-1.1

Alaska Bar Ass'n v. Dickerson, 240 F,Supp.732, 734 (D.C. Ala. 1965).  Generally
speaking, proceedings seeking to impose penalties to vindicate public policy are
not deemed civil in nature for purposes of removal.  See Georgia ex. rel. Slaton
v. Fleck & Assoc., Inc., 622 F.Supp. 256, 258-59 (D.C. Ga. 1985); City of
Montgomery v. Postal Telegraph-Cable Co., 218 F.471, 474-75 (D.C. Ala. 1914).

      "Because removal jurisdiction raises significant federalism concerns,
federal courts are directed to construe removal statutes strictly [and] all doubts
about jurisdiction should be resolved in favor of remand to state court."  Univ. of
S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  The disciplinary
proceeding that Respondent seeks to remove is not civil in nature and therefore
is not subject to removal to federal court under 28 U.S.C. § 1441(a).
Accordingly, this case will be remanded to the Florida Supreme Court in
accordance with 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

      Respondent argues in addition that removal is appropriate through the
supplemental jurisdiction statute, 28 U.S.C. § 1367, because he has related
litigation pending in this court, specifically case number 4:06cv314-RH-WCS.
The problem with Respondent's position is that he is seeking to remove a case to
federal court and the removal statute requires that this Court have original
jurisdiction over the case being removed.  The supplemental jurisdiction statute
does not provide original jurisdiction for removal of a case, notwithstanding the
existence of a related case over which the district court has subject matter
jurisdiction.  Brown v. Prudential Ins. Co. of Am., 954 F.Supp. 1582, 1584 (S.D.

Ga. 1997).

Finally, even if Respondent could remove this case to federal court, it would be appropriate to remand it back to the Florida Supreme Court in accordance with federal abstention principles.  See Quakenbush v. Allstate Ins. Co., 517 U.S. 714, 716-28 (discussing abstention principles).  Abstention under Burford[2] is appropriate because hearing Respondent's disciplinary case in this Court "would be disruptive of state efforts to establish coherent policy with respect to a matter of substantial public concern[,]" NOPSI, 491 U.S. 350, 361 (1989); specifically, the regulation of lawyers licensed to practice in the State of Florida.  Abstention under Younger[3], as applied to state administrative proceedings, is also appropriate because Respondent's disciplinary proceeding was on-going, it involves important state interests, and the state forum is adequate.  See Stein v. Legal Adver. Comm. of the Disciplinary Bd., 272 F.Supp. 1260.1268-74 (D. N.M. 2003); Cleveland Bar Ass'n v. Woods, No. 5:06cv462, 2006 WL 721781, at *2-3 (N.D. Ohio 2006).

Based on the foregoing it is ORDERED as follows:

1.     The magistrate judge's report and recommendation (doc. 4) is ADOPTED and incorporated by reference in this order.

2.     This case is remanded to the Florida Supreme Court pursuant to 28

---

[2] Burford v. Sun Oil Co., 319 U.S. 315 (1943).

[3] Younger v. Harris, 401 U.S. 31 (1971); see also, Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986) (applying Younger to state administrative proceeding).

U.S.C. § 1447(c) for lack of subject matter jurisdiction.

       3.     The Clerk of Court shall mail a certified copy of this order to the

clerk of the state court pursuant to 28 U.S.C. § 1447(c).

      DONE AND ORDERED this 11th day of September, 2006.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge